UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GOKHAN OZUNER, M.D.,

Civil Action No:

Plaintiff,

-against-

HACKENSACK MERIDIAN PALISADES MEDICAL
CENTER SPECIALTY CARE, P.C. d/b/a HMH MEDICAL GROUP,

Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, **GOKHAN OZUNER, M.D.** (hereinafter referred to as "Plaintiff" or "Dr. Ozuner"), by way of Complaint against the Defendant Hackensack Meridian Palisades Medical Center Specialty Care, P.C. d/b/a HMH Medical Group (hereinafter referred to as "Defendant Meridian" or the "Medical Center"), says:

### THE PARTIES

1.      Plaintiff is a resident and domiciliary of New York State who is over forty years old.

2.      At all times relevant herein, Plaintiff was an "employee" of Defendant Meridian as that term is defined by the New Jersey Law Against Discrimination ("NJLAD") and the Age Discrimination in Employment Act ("ADEA").

3.      Upon information and belief, Defendant Meridian is a hospital facility with a principal location addressed at 7600 River Road, North Bergen, New Jersey 07047.

1

4.     At all relevant times, Defendant Meridian was Plaintiff's "employer" as that term is defined by the NJLAD and the ADEA.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendant Meridian.

7.     Venue is proper in this case pursuant to 28 U.S.C. § 1391 because Defendant Meridian is located in the State of New Jersey and the events giving rise to Plaintiff's claims occurred in the State of New Jersey.

8.     All conditions precedent to filing the instant action have been fulfilled.

9.     Plaintiff filed a timely charge and complaint of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2022.

10.    The EEOC issued Plaintiff a Notice of Right to Sue dated April 10, 2022. This action was commenced within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## OPERATIVE FACTS

### Dr. Ozuner Enters into an Employment Contract with Defendant Meridian

11.    Dr. Ozuner entered into a physician employment agreement with Defendant Meridian on or about July 20, 2021 (hereinafter the "Employment Agreement").

12.    The terms of the Employment Agreement provided, in relevant part, that Plaintiff's employment "shall commence as of the date set forth in Appendix A or such later date upon which the Parties' mutually agree in writing…"

2

13.     Appendix A to the Employment Agreement stated that "[t]he Commencement Date of this Agreement shall be September 1, 20221or such later date upon which the Physician has satisfied all conditions precedent to this Agreement."

14.     Appendix A to the Employment Agreement further stated that the term of Plaintiff's employment and the initial term of the Employment Agreement was a "Three (3) year term expiring on or about August 31, 2024 absent earlier termination as otherwise permitted under the terms of this Agreement."

15.     With respect to termination of employment, the Employment Agreement provided, in relevant part,

> Neither Party shall terminate employment without cause during the first Contract year of the Employment Term except by mutual written agreement of the Parties. Following completion of the first Contract Year, either Party may terminate employment without cause on no less than ninety (90) days advance notice to the other Party.

16.     The Employment Agreement defined a "Contract Year" as "[e]ach full twelve (12) consecutive months of the Term commencing on the Commencement Date.

17.     In the event Plaintiff's employment was terminated without cause, the Employment Agreement mandated that Defendant Meridian pay Plaintiff "the compensation [Plaintiff] reasonably would have been anticipated to earn during the period [Plaintiff] otherwise would have remained actively employed based on [Plaintiff's] average bi-weekly earnings during the twelve months prior to the notice of termination."

18.     Pursuant to the Employment Agreement, Dr. Ozuner's Commencement Date was November 1, 2021.

**Defendant Meridian Permits Dr. Ozuner to Refer**
**Complex General Surgeries to Other Health Professionals**

19.     As discussed and approved by the Medical Center at the start of Dr. Ozuner's employment, Dr. Ozuner was responsible for performing colorectal and simple "bread and butter" general surgeries but, with the consent of the Medical Center, would refer out complicated procedures to doctors with specific expertise.

20.     It was established at the beginning of Dr. Ozuner's employment that he would not perform complicated general and specialized surgery and would refer such cases to other professionals.

21.     Indeed, during a conversation with the Medical Center's Chief Medical Officer, Dr. Stein, Plaintiff was explicitly told that he had permission to refer not just complicated general surgeries but *any* general surgery cases to any of Defendant Meridian's other general surgeons.

22.     The scope of Dr. Ozuner's duties, including his right and ability to refer surgeries to other general surgeons, was also known and approved by the Medical Center's former Chief Executive Officer, Dr. Anthony Passanante.

23.     As agreed upon with Defendant Meridian's highest ranking administrators, Dr. Ozuner performed simple general surgeries and referred out complicated general surgery cases.

24.     Plaintiff also took calls for general surgery. This changed, however, after Dr. Ozuner was instructed to stop taking on call cases in February of 2022.

25.     Following this instruction, Dr. Ozuner was asked by the Medical Center's then Chief of Surgery, Dr. Ponamgi (hereinafter "Chief Dr. Ponamgi"), to retain a back-up general surgeon in case there is a complicated general surgical problem.

26.     Heeding Chief Dr. Ponamgi's direction, Dr. Ozuner made an arrangement with two other surgeons who both agreed to be available if needed as back-up surgeons.

4

27.     Notably, the aforementioned arrangement to have back-up surgeons was an arrangement commonly utilized in many hospitals and, by all accounts, was acceptable to both Dr. Ozuner and Defendant Meridian.

**Defendant Meridian Unlawfully Terminates Dr. Ozuner's Employment**

28.     In March of 2022, without provocation or any discernible justification, Chief Dr. Ponamgi advised Dr. Ozuner that Plaintiff's cases would be subject to review.

29.     Thereafter, Defendant Meridian advised Dr. Ozuner that his employment with the Medical Center was to be terminated, effective November 1, 2022.

30.     Specifically, Dr. Ozuner received formal notice of his termination be letter dated May 6, 2022 which stated, in relevant part:

> Dear Dr. Ozuner,
>
> In accordance with Section XI.A of your employment agreement, we are exercising our right to terminate your employment effective November 1, 2022. We are invoking our right to waive continued service, so today will be your last day providing service at the Medical Center. You will continue to receive your salary and benefits for the notice period until November 1, 2022, at which point, your employment will eb terminated.

31.     Plaintiff did not mutually agree in writing with Defendant Meridian to terminate his employment during his first Contract Year under the Employment Agreement.

32.     Despite the Medical Center's long-standing approval of Dr. Ozuner's referrals of complicated general surgeries to other medical professionals, the Medical Center used Dr. Ozuner's referral of complicated general surgery cases to other surgeons as the basis for Plaintiff's termination of employment.

33.     As a consequence of Dr. Ozuner's termination of employment, the Medical Center barred Plaintiff from continuing to practice medicine for the Medical Center for the remaining time

on his contract (i.e., until November of 2022) *and* barred Plaintiff from working for other entities due to the terms of the Employment Agreement.

34.    As a result of the unjustified prohibition of Plaintiff from practicing medicine at the Medical Center, Plaintiff's patients were denied continuous and necessary case from their primary medical provider, Plaintiff.

35.    The Medical Center's basis for terminating Dr. Ozuner's employment was contrary to Defendant Meridian's treatment of other, in particular younger, surgeons.

36.    Specifically, as described herein, Dr. Ozuner, who is over sixty years old, acted openly and notoriously with respect to his use of referrals for complicated general surgeries.

37.    Defendant Meridian used this referral practice as the basis and justification for terminating Plaintiff's employment with the Medical Center.

38.    However, other younger surgeons, such as Dr. Peter Kane, were permitted to employ the same referral strategies and arrangements at the Medical Center without incident and certainly without being subject to termination.

39.    In addition, the Medical Center's termination of Dr. Ozuner's employment violated the express terms of the Employment Agreement which provided that Plaintiff's employment could not be terminated without cause within the first contract year.

40.    In breach of the express terms and conditions of the Employment Agreement, Defendant Meridian terminated Dr. Ozuner's employment during the first contract year.

41.    Even if Plaintiff's termination of employment was proper under the Employment Agreement (which it was not), Defendant Meridian still breached the express terms of the Employment Agreement in that Defendant Meridian, by its own admission, failed to properly compensate Plaintiff for the "compensation [he] reasonably would have been anticipated to earn

during the period [he] otherwise would have remained actively employed…"

42.     At the time of Plaintiff's unlawful termination of employment without cause, Plaintiff reasonably would have been employed for the duration of the employment term which, per Appendix A to the Employment Agreement, ended at the earliest on August 31, 2024.

43.     Despite this, Defendant Meridian only compensated Plaintiff until November 1, 2022.

## CAUSES OF ACTION

### COUNT ONE
*(AGE DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION)*

44.     Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

45.     Plaintiff is and at all relevant times was, a person over the age of forty (40).

46.     Accordingly, Plaintiff is and at all times relevant was a member of a protected class under the NJLAD.

47.     Plaintiff began employment with Defendant Meridian pursuant to an employment agreement on November 1, 2021.

48.     Plaintiff was qualified to work as an employee for Defendant Meridian and he satisfactorily performed the duties required by the position he held at Defendant Meridian.

49.     As set forth in detail above and herein, Defendant Meridian subjected Plaintiff to discrimination and an unlawful termination on the basis of Plaintiff's age.

50.     As set forth in detail above and herein, Defendant Meridian subjected Plaintiff to discrimination and disparate discipline on the basis of Plaintiff's age.

51.     The discrimination that Plaintiff suffered while employed by Defendant Meridian

7

severely affected the terms and conditions of his employment and culminated in Plaintiff's discriminatory discharge.

52. By reason of Defendant Meridian's violations of Plaintiff's statutory rights, Plaintiff has been damaged.

53. As a direct and proximate result of Defendant Meridian's unlawful employment practices, Plaintiff has suffered extreme mental anguish and emotional distress.

54. Accordingly, Defendant Meridian discriminated against Plaintiff on the basis of his age in violation of his statutory rights as guaranteed by the NJLAD.

55. Wherefore, Plaintiff demands judgment against Defendant Meridian as follows:

    a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned New Jersey State laws;

    b. An order declaring Defendant Meridian discriminated against Plaintiff in violation of the aforementioned New Jersey State laws;

    c. An order declaring Plaintiff was unlawfully terminated in violation of the aforementioned New Jersey State laws;

    d. Preliminary and permanent injunctions against Defendant Meridian and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

    e. An order restraining Defendant Meridian from any retaliation against Plaintiff and/or any witness and/or potential witness for participation in any form in this litigation;

    f. All compensatory damages that Plaintiff has sustained as a result of the Defendant Meridian's unlawful discriminatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for the Defendant Meridian's conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

    g. Punitive damages where available by law;

h.  Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

i.  Pre-judgment and post-judgment interest, as provided by law; and

j.  Any other and further relief as this Court finds just, necessary and proper.

## COUNT TWO
### *(AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT)*

56.  Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

57.  Plaintiff is and at all relevant times was, a person over the age of forty (40).

58.  Accordingly, Plaintiff is and at all times relevant was a member of a protected class under the ADEA.

59.  Plaintiff began employment with Defendant Meridian pursuant to an employment agreement on November 1, 2021.

60.  Plaintiff was qualified to work as an employee for Defendant Meridian and he satisfactorily performed the duties required by the position he held at Defendant Meridian.

61.  As set forth in detail above and herein, Defendant Meridian subjected Plaintiff to discrimination and an unlawful termination on the basis of Plaintiff's age.

62.  As set forth in detail above and herein, Defendant Meridian subjected Plaintiff to discrimination and disparate discipline on the basis of Plaintiff's age.

63.  The discrimination that Plaintiff suffered while employed by Defendant Meridian severely affected the terms and conditions of his employment and culminated in Plaintiff's discriminatory discharge.

64.  By reason of Defendant Meridian's violations of Plaintiff's statutory rights,

Plaintiff has been damaged.

65.    As a direct and proximate result of Defendant Meridian's unlawful employment practices, Plaintiff has suffered extreme mental anguish and emotional distress.

66.    Accordingly, Defendant Meridian discriminated against Plaintiff on the basis of his age in violation of his statutory rights as guaranteed by the ADEA.

67.    Wherefore, Plaintiff demands judgment against Defendant Meridian as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned Federal laws;

b.    An order declaring Defendant Meridian discriminated against Plaintiff in violation of the aforementioned Federal laws;

c.    An order declaring Plaintiff was unlawfully terminated in violation of the aforementioned Federal laws;

d.    Preliminary and permanent injunctions against Defendant Meridian and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

e.    An order restraining Defendant Meridian from any retaliation against Plaintiff and/or any witness and/or potential witness for participation in any form in this litigation;

f.    All compensatory damages that Plaintiff has sustained as a result of the Defendant Meridian's unlawful discriminatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for the Defendant Meridian's conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

g.    Punitive damages where available by law;

h.    Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

i.    Pre-judgment and post-judgment interest, as provided by law; and

j.      Any other and further relief as this Court finds just, necessary and proper.

## COUNT THREE
### *(BREACH OF CONTRACT IN VIOLATION OF THE NEW JERSEY STATE COMMON LAW)*

68.     Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

69.     As set forth in detail above and herein, Plaintiff and Defendant Meridian entered into a binding and enforceable contract of employment, i.e. the Employment Agreement.

70.     Pursuant to the Employment Agreement, Plaintiff commenced employment with Defendant Meridian on November 1, 2021.

71.     Pursuant to the Employment Agreement, Neither Plaintiff nor Defendant Meridian could terminate Dr. Ozuner's employment without cause during the first Contract Year.

72.     The Employment Agreement defined a "Contract Year" as "[e]ach full twelve (12) consecutive months of the Term commencing on the Commencement Date.

73.     Pursuant to the Employment Agreement, Dr. Ozuner's Commencement Date was November 1, 2021.

74.     At all times relevant, Dr. Ozuner dutifully and satisfactorily performed his duties and obligations to Defendant Meridian as required under the Employment Agreement.

75.     In breach of the Agreement, Defendant Meridian terminated Plaintiff's employment without cause during Plaintiff's first Contract Year under the Employment Agreement, specifically on May 6, 2022.

76.     Plaintiff did not mutually agree in writing with Defendant Meridian to terminate his employment during his first Contract Year under the Employment Agreement.

77.     At the time of Plaintiff's unlawful termination of employment without cause,

11

Plaintiff reasonably would have been employed for the duration of the employment term which, per Appendix A to the Employment Agreement, ended at the earliest on August 31, 2024.

78. Pursuant to the Employment Agreement, indeed the very provision of the Employment Agreement cited in Plaintiff's termination notice, Defendant Meridian was obligated to compensate Plaintiff an amount equal to the compensation Plaintiff reasonably would have received until, at the earliest, August 31, 2024.

79. In breach of the Employment Agreement, Defendant Meridian only compensated Plaintiff until November 1, 2022.

80. Wherefore, Plaintiff demands judgment against Defendant Meridian as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the New Jersey State Common Law;

b. An order declaring Defendant Meridian breached the terms of the Employment Agreement;

c. An order restraining Defendant Meridian from any retaliation against Plaintiff and/or any witness and/or potential witness for participation in any form in this litigation;

d. All compensatory damages that Plaintiff has sustained as a result of the Defendant Meridian's breach of the Employment Agreement;

e. Punitive damages where available by law;

f. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

h. Any other and further relief as this Court finds just, necessary and proper

**JURY DEMAND**

Pursuant to FRCP 38(b), Plaintiff hereby demands a trial by jury on all claims.

**Dated: March 23, 2023**

                                                      **Respectfully submitted,**

                                                      */s/ Helen Setton*
                                                      Helen Setton, Esq. (NJ Bar No. 078942014)
                                                      Andrew T. Miltenberg, Esq. (*pro hac vice pending)*
                                                      Gabrielle M. Vinci, Esq. (*pro hac vice pending*)
                                                      NESENOFF & MILTENBERG, LLP
                                                      363 Seventh Avenue, Fifth Floor
                                                      New York, New York 10001
                                                      Telephone: (212) 736-4500

                                                      **ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

STATE OF  New York          )
                           ) ss.:
COUNTY OF  Chemung          )


GOKHAN OZUNER, M.D., being duly sworn, deposes and says:

I am a named Plaintiff in this matter. I have read the annexed Complaint, know the contents thereof, and the same are true to my knowledge, except as to matters alleged upon information and belief and as to those matters, I believe them to be true.

GOKHAN OZUNER, M.D.


**Sworn to and subscribed before me**

this __23__ day of __May__, 2023.


NOTARY PUBLIC


**VERONICA J KASTENHUBER**
Notary Public - State of New York
No. 01KA6393539
Qualified in Chemung County
My Commission Expires June 17, 2023